IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

CASE NO. 1:26-cv-02848-RBJ

IRAKLI KAKHIANI,

Petitioner,

v.

JUAN BALTAZAR, et al.,
in their official capacities,

Respondents.

---

**ORDER**

---

Before this Court is Irakli Kakhiani's ("petitioner") Petition for a Writ of Habeas Corpus ("Petition"). ECF No. 1. Petitioner seeks an order declaring his current immigration detention unlawful and requiring respondents to release him immediately. *Id.* at 15. Respondents decline to file an opposition brief and indicate that if the Court grants the Petition, the appropriate relief would be an order for a bond hearing or for petitioner's release. ECF No. 5.

For the reasons set forth below, the Court agrees that Mr. Kakhiani's mandatory detention is unlawful and orders his release.

## I. Background

Petitioner is a Georgian national who entered the country without inspection on or before August 29, 2022. He was apprehended by Customs and Border Patrol (CBP) within the United States and detained pursuant to § 1226(a). ECF No. 1 at 1. On September 16, 2022, he was released from custody pursuant to a $3,000 bond order. *Id.* Soon after, he submitted an I-589, Application for Asylum, which remains pending. *Id.* at 2. On June 24, 2026, Petitioner was arrested again, this time pursuant to § 1225(b)(2)(A), which mandates detention pending removal proceedings. He is currently detained at Denver Contract Detention Center in Aurora, Colorado. *Id.*

Petitioner filed his habeas petition pursuant to 28 U.S.C. § 2243 the same day as his arrest. ECF No. 1. Petitioner claims he is being unlawfully detained pursuant to a misapplication of 8 U.S.C. § 1225(b)(2)(A). He argues that his detention should be governed by 8 U.S.C. § 1226 and that he should receive a bond hearing. *Id.* at 10. In other words, petitioner asks this Court to declare that his detention is subject to § 1226(a), not § 1225(b), and order his release from custody. ECF No. 1 at 15.

## II. Discussion

A district court may grant a writ of habeas corpus to any person who demonstrates that he is "in custody in violation of the Constitution or laws of the United States." 28 U.S.C. § 2241. The individual in custody bears the burden of proving that his detention is unlawful. *Walker v. Johnston*, 312 U.S. 275, 286 (1941). Section 2241 habeas proceedings are available as a forum for statutory and

constitutional challenges to immigration detention. *See Zadvydas v. Davis*, 533 U.S. 678 (2001). Where the dispute is fundamentally legal in nature, the court may decline to hold a hearing. 28 U.S.C. § 2243; *see, e.g.*, *Garcia Cortes v. Noem*, 1:25-cv-02677-CNS, 2025 WL 2652880, at *1 (D. Colo. Sept. 16, 2025). Here, neither party has requested a hearing, and the Court finds that no hearing is necessary.

The Court agrees with petitioner that his detention is controlled by § 1226(a) rather than § 1225(b). The proper relief here is release.

**A. Mr. Kakhiani's mandatory detention is unlawful**

The issue in this case is a familiar one: whether, as a noncitizen who has not yet been admitted or paroled into the United States, petitioner's detention during removal proceedings is governed by 8 U.S.C. § 1225(b)(2)(A) or 8 U.S.C. § 1226(a). The Tenth Circuit settled the intra-circuit split regarding the applicable statutory framework governing noncitizen detentions, like the petitioner in this case. *Santillan Quiroz v. Mullin*, __ F.4th __, 2026 WL 1876709 (10th Cir. June 30, 2026). Consistent with the vast majority of §§1225/1226 decisions in this District, the court held that "noncitizens who entered the United States and were thereafter detained in the interior of the country are usually subject to § 1226(a) (and thus eligible for bond), not § 1225(b)(2)(A)." *Quiroz,* 2026 WL 1876709 at *12.

Given this uncontradicted line of authority, the government's reliance on § 1225 is legally untenable. Mr. Kakhiani resided in the United States before his arrest and detention. It follows that § 1226, and not § 1225, governs.

**B. Release is the appropriate remedy**

The Court now turns to the appropriate relief. "Federal district courts have broad equitable powers in ordering habeas relief." *Munoz Teran v. Bondi*, No. 25-cv-01218-KWR-SCY, 2026 WL 161527, at *6 (D.N.M. Jan. 21, 2026) (internal citation omitted). And in issuing a writ of habeas corpus, a federal court has the power and authority to dispose of habeas corpus matters "as law and justice require." 28 U.S.C. 2243.

In prior decisions, this Court has ordered that a noncitizen should receive a prompt bond hearing before an Immigration Judge. *See, e.g.*, *Vences Nuñez v. Baltazar*, 25-cv-04046-RBJ, ECF No. 10 (D. Colo. Jan. 16, 2026); *Cervantes Arredondo,* ECF No. 21, at *8 (ordering a bond hearing); *Velazquez de Leon,* ECF No. 19, at *8 (same). However, in this case, the Court concludes that release is the appropriate remedy. *See Tumba v. Francis*, 813 F. Supp. 3d 394, 406 (S.D.N.Y. 2025) (noting that the "typical remedy" for "unlawful executive detention" is "of course, release") (quoting *Munaf v. Green*, 533 U.S. 674, 693 (1973)).

Therefore, it is hereby ORDERED that:

1. The Petition, ECF No. 1, is GRANTED. Respondents SHALL release petitioner from detention within 48 hours of this Order. Such release may be on reasonable conditions as determined by respondents but not to include the payment of bond or the application of an ankle monitor.
2. Respondents MAY NOT impose additional release conditions other than those that petitioner was subject to prior to his current detention.
3. The parties WILL, within five (5) days of this Order, file a joint status report informing the Court of the status of petitioner's release.

It is SO ORDERED.

Dated: August 3, 2026

BY THE COURT:

R. Brooke Jackson
Senior United States District Court Judge